UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
**OCT 2 3 2015**
Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.: 1:14-cr-058 (BAH) |
| | ) | |
| DOMINGO AVILEZ URIAS, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATEMENT OF STIPULATED FACTS

1.     The following statement of facts does not purport to include all of the Defendant's illegal conduct during the course of his charged offense. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his conspirators. It represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea in the above-captioned matter and is not intended to represent all of the Defendant's relevant conduct for sentencing purposes. Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would show the following beyond a reasonable doubt:

2.     From in or about January 2000 and continuing thereafter up to and including March 13, 2014, within the countries of Mexico, the United States, and elsewhere, the Defendant, DOMINGO AVILEZ URIAS, did unlawfully, knowingly, willfully, and intentionally combine, conspire, confederate and agree with other conspirators, both known and unknown, to commit the following offense against the United States, to wit to import into the United States and to distribute intending and knowing that it would unlawfully be imported into the United Stats: (1) at least four hundred fifty (450) kilograms or more of cocaine, a Schedule II controlled substance; (2) at least 45 kilograms of methamphetamine; and (3) at least 90,000 kilograms of

marijuana, all in violation of 21 U.S.C. §§ 959, 960 and 963.

3. During the course and in furtherance of the conspiracy, the Defendant was a member of a drug trafficking organization ("DTO") which, from in or about January 2000, and continuing until at least March 13, 2014, would receive, inventory and store large quantities of cocaine from Colombia that would later be illegally imported into Mexico, and ultimately, into the United States for further distribution. The DTO would also manufacture large quantities of methamphetamine and marijuana in Mexico and the Defendant and his DTO would illegally import this methamphetamine and marijuana into the United States.

4. The Defendant was responsible for the DTO's operations in a section of Mexico including relaying orders from the leaders of the DTO to other individuals within the DTO. The Defendant worked with other members of the DTO involved in the production and distribution of methamphetamine. Further, the Defendant relayed information to the leaders of the DTO regarding the day-to-day operations of the DTO in Mexico as well as information about rival cartels in that area.

5. The Defendant also acted as narcotics broker for cocaine and marijuana shipments that ultimately were illegally imported into the United States.

6. The Defendant agrees that during the course of his involvement in the conspiracy, several shipments of marijuana that the Defendant had brokered were seized by law enforcement authorities in the United States.

7. The Defendant admits that he was aware that the cocaine, methamphetamine and marijuana were going to be illegally imported into the United States for further distribution. The Defendant agrees venue and jurisdiction lie with this Court.

8. The Defendant admits that the total amount of cocaine involved in this conspiracy

for which he had actual knowledge and involvement was well over 450 kilograms. The Defendant also admits that the total amount of methamphetamine involved in this conspiracy for which he had actual knowledge and involvement was well over 45 kilograms. Further, the Defendant admits that the total amount of marijuana involved in this conspiracy for which he had actual knowledge and involvement was well over 90,000 kilograms.

9. The Defendant possessed a firearm in connection with his drug trafficking activities in this conspiracy.

10. The Defendant also agrees that his participation as a conspirator in the above-described acts were in all respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids, and were not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

<u>DEFENDANT'S ACKNOWLEDGMENT</u>

I have reviewed a Spanish translation of this factual proffer and have discussed it with my attorneys, Matthew Lombard. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this factual proffer fully. This factual proffer has been translated into Spanish for me. I understand that the English version controls.

_Domingo Avilez_  _10-7-15_
DOMINGO AVILEZ URIAS                        Date
Defendant

<u>ATTORNEY'S ACKNOWLEDGMENT</u>

We have read this factual proffer, and have reviewed it fully with our client with the assistance of a federally court-certified English-Spanish interpreter.

_____  _10-9-15_
Matthew Lombard                              Date
Attorney for Defendant